IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CRIMINAL CASE NO. 1:25-cr-150-TBM-BWR**

**WILLIAM HAYES**

## ORDER

This matter came before the Court on Defendant William Hayes's Motion to Dismiss Indictment [27]. At the hearing on the Motion conducted on November 24, 2025, the Court, having considered the pleadings, the record,[1] the oral arguments of the parties, and the relevant legal authority,[2] announced on the record its detailed findings and conclusions.

To be clear, this order *does not* contain the substantive and detailed ruling from the bench. For all of the reasons stated at the hearing:

---

[1] Hayes's predicate offenses include: nine counts of auto burglary, shooting into a vehicle, and possession of a stolen firearm.

[2] This includes, but is not limited to: *United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024); *United States v. Gibson*, No. 22-40313, 2025 WL 1355422, at *1 (5th Cir. May 9, 2025) (per curium) (citing *Diaz* and recognizing that "Gibson's facial challenge is foreclosed by circuit precedent"); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013) (Commerce Clause argument foreclosed); *United States v. Branson*, 139 F.4th 475, 477 (5th Cir. 2025) (Due Process claim); *United States v. McCuin*, No. 1:24-CR-38-TBM-BWR-1, 2025 WL 1285680, at *10, *14 n.7 (S.D. Miss. May 1, 2025) (holding Section 922(g)(1) was not unconstitutionally vague and did not violate the defendant's Second Amendment rights, as applied, given his predicate drive-by shooting, burglary, and transferring of controlled substances convictions); *United States v. Forbish*, No. 1:23-CR-88-TBM-BWR, 2025 WL 2803640, at *3-4 (S.D. Miss. Oct. 1, 2025) (noting predicate offenses included possession of a controlled substance with intent to distribute and grand larceny); *United States v. Love*, No. 1:24-CR-84-HSO-RPM-1, 2025 WL 2466980, at *2-4 (S.D. Miss. Aug. 26, 2025) (holding Section 922(g)(1) was neither unconstitutionally vague nor overbroad and did not violate the defendant's Second Amendment rights, as applied, in light of his predicate "burglary of an unoccupied conveyance," grand theft, and "assault involving family violence by impending breadth" convictions); *United States v. George Price*, 1:22-cr-80 (S.D. Miss. Mar. 15, 2023) (ruling from the bench related to whether the Second Amendment applies to stolen firearms).

IT IS ORDERED AND ADJUDGED that Defendant William Hayes's Motion to Dismiss Indictment [27] is DENIED.

This, the 24th day of November, 2025.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE